## Higgins Industries, Inc., v. Bastian

*Morris Efron,* for plaintiff.

*Snyder, Wert, Wilcox, Shafer & Doll,* for defendant.

HENNINGER, P. J., June 11, 1956.—Plaintiff sued defendant for $3,009.71, the balance due upon a book account for goods sold and delivered.

Defendant filed preliminary objections in the nature of a motion to strike off the complaint because it fails to set forth (1) whether contract was oral or written, (2) where contract was made and (3) name of plaintiff's agent, and (4) because there is no such fictitious name filed as O. M. Bastian Co.

The last objection can be easily disposed of. The suit is against Owen M. Bastian and it is immaterial whether he has filed a registration of fictitious name; if he ordered the goods, he is liable for payment of the purchase price no matter what name was used. Furthermore, defendant cannot introduce the allegation of nonregistration by way of preliminary objection since it is the sued defendant and not the suing plaintiff who is unregistered.

Defendant has the name of plaintiff's agent since it appears on exhibit A. Since plaintiff is bringing suit, it must have ratified the agency and, therefore, the identity of its agent is presently unimportant. If it should become material the processes of discovery are available to defendant.

Since the allegation in the complaint is that defendant has received the goods and retained all of those for which claim is made, the place where the contract was made is of no importance. Unless plaintiff volunteered to ship unordered goods, defendant must himself know where the parties contracted with each other. The purpose of preliminary objections is not to delay actions, but to compel the pleading of facts which it is presumed the other party does not possess. It is to be

noted that for most of defendant's objections, defendant relies on Pa. R. C. P. 1019(f) which relates solely to special damages, not here claimed.

The only preliminary objection that merits attention is no. 1, that plaintiff has failed to state whether the contract of sale was written. Pa. R. C. P. 1019(h) provides:

"(h) A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to him, it is sufficient so to state, together with the reason, and to set forth the substance of the writing."

The "whether" implies alternates and that the pleader shall "specifically state" which alternate applies. Had the framers of the rules intended otherwise, it would have been simple for them to state: "If any claim or defense is based upon a writing, a pleading shall so state." There could then have been no question concerning its meaning.

In fact, we have held on at least four occasions (Heller v. Turner, 24 Lehigh 333, 334; Gatti v. Roller-Smith Corp., 116 April term, 1954; Semmel v. Frumer, 26 Lehigh 83; Koch v. Coster, 314 January term, 1952), that it was improper to fail to state whether a claim was based on an oral or a written agreement. In none of these cases did we discuss the problem and in all either the impropriety was conceded by the pleader or the pleading was stricken off for other reasons as well.

We are now faced by dicta of both Goodrich-Amram, Procedural Rules Service, 1019(h)-1, and Anderson, Pennsylvania Civil Practice, 1956 Pocket Part, page 112, referring to 2 Anderson 394, that it is not necessary to aver that a contract is oral when that is the case and that when no statement is made, it will be

presumed that the contract is oral. This proposition is supported by a host of cases: Ledondici v. Wartella, 41 Luz. 319; Robinson v. Burrell, 32 Westmoreland 249; Brookside Dist. Products Corp. v. Monarch Wine Co., 72 D. & C. 533; Bailey v. Heiser, 47 Schuyl. 180; Menefee-Scott v. Vallamont Planing Mill, 3 Lycoming 265; Ruegg v. River Lane Knitting Mills, 2 Bucks 52; Lenher v. Boyer, 24 Northumb. 139; Feinberg v. Moe, 40 Del. Co. 104; Raphael v. de Sager, 53 Lanc. 277; Toluba v. Hudson Coal Co., 88 D. & C. 46, Robinson v. Arronson, 3 D. & C. 2d 175; Korona v. Bensalem Twp., 5 Bucks 142.

There are cases contra, notably Laska v. Winter, 79 D. & C. 170, 178, but the great weight of authority is for the Goodrich-Amram and the later Anderson interpretation.

When we consider the history of Pa. R. C. P. 1019-(h), the logic of the commentators' interpretation is given support. Section 9 of the Practice Act of May 14, 1915, P. L. 483, 12 PS §391, provided in part: "In actions on contracts it (the Statement of Claim) shall state whether the contract was oral or in writing." Bench and bar were thoroughly familiar with these words and there must have been some significance in the decision of the procedural rules committee to substitute the language of Pa. R. C. P. 1019(h) for the language of the Practice Act. It stands to reason, therefore, that less was to be required under the procedural rules than under the Practice Act.

While the cases cited are not controlling, they are persuasive and we yield to the consensus of our distinguished brethren who hold that silence is permissible unless the contract sued upon is in writing.

Now, June 11, 1956, defendant's preliminary objections are dismissed and defendant is ordered to answer over on the merits within 20 days after service of this order on his counsel.